**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-61195-RAR**

**ANDRES NAVARRO MORENO**,

Petitioner,

v.

**MARCOS CHARLES,** *Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Acting Executive Associate Director*, *et al.*,

Respondents.
_______________________________________________/

**ORDER TRANSFERRING CASE**

**THIS CAUSE** comes before the Court on Respondents' Response to Second Order to Show Cause, [ECF No. 14], and Petitioner's Response to Second Order to Show Cause, [ECF No. 15]. After careful review, the Court finds that this case must be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**BACKGROUND**

When Petitioner filed his Petition for Writ of Habeas Corpus challenging the lawfulness of his detention in the custody of Immigration and Customs Enforcement, he was incarcerated at the Broward Transitional Center in Pompano Beach, Florida. *See* [ECF No. 1] at 4. However, public records indicate that Petitioner was subsequently transferred to Winn Correctional Center, 560 Gum Spring Road, Winnfield, Louisiana 71483. *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/details (last visited Aug. 21, 2026). Accordingly, on August 21, 2026, the Court entered an Order to Show Cause, [ECF No. 13], directing the parties to show cause on or before August 28, 2026 as to whether an appropriate

respondent resides in this District given Petitioner's transfer, and whether transfer of this case to the Western District of Louisiana would be appropriate. [ECF No. 13] at 3.

In their Response to the Order to Show Cause, Respondents advise the Court that "the respondent who has the authority to comply with the issuance of a writ and/or effectuate release should such relief be granted is currently AFOD Eleazar Garcia, Warden of the Winn Correctional Center located in the Western District of Louisiana" and they "defer to the Court's discretion on this matter." [ECF No. 14] at 3. In Petitioner's Response to the Order to Show Cause, Petitioner maintains that he opposes the transfer of this action. *See* [ECF No. 15].

**ANALYSIS**

Under the plain language of 28 U.S.C. § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). Accordingly, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition."); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing that, "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld*, 542 U.S. at 443)).

Petitioner is presently confined at the Winn Correctional Center—an immigration detention facility at 560 Gum Spring Road, Winnfield, Louisiana 71483. *See* [ECF No 13]. Winnfield, Louisiana is served by Winn Parish, which lies in the Western District of Louisiana. *See* 28 U.S.C. § 98(c). Because Petitioner is confined there, "[a]ny other district court lacks jurisdiction" over the Petition. *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019)

(citing *Fernandez*, 941 F.2d at 1495). This case is therefore due to be transferred to Petitioner's district of confinement. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought.").

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. § 98(c). Upon transfer to the Western District of Louisiana, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**